# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re*: | Chapter 11 |
| | Case No.: 23-12109 (TMH) |
| JER INVESTORS TRUST, INC., *et al.*, | |
| Debtors.[1] | (Joint Administration Requested) |

## GLOBAL NOTES AND STATEMENTS OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

Chapter 11 debtors and debtors in possession JER Investors Trust Inc. ("**JERIT**") and JERIT Non-CDO CMBS 1 LLC ("**JNCDO**," and together with JERIT, the "**Debtors**") are filing their respective Schedules of Assets and Liabilities (the "**Schedules**")[2] and Statements of Financial Affairs (each, a "**Statement**" and together, the "**Statements**")[3] in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") pursuant to section 521 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

These *Global Notes and Statements of Limitations, Methodology, and Disclaimer Regarding Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "**Global Notes**") pertain to, are incorporated by reference in, and comprise an integral part of all the Schedules and Statements. The Global Notes are in addition to the specific notes set forth below with respect to the Schedules and Statements (the "**Specific Notes**," and together with the Global Notes, the "**Notes**"). These Notes should be referred to, and referenced in connection with, any review of the Schedules and Statements.

The Statement and Schedules were prepared based on (i) information provided by the Debtors' former management and (ii) financial data derived from their books and records that was available at the time of preparation. This information was used by the Debtors' chief restructuring officer (**"CRO"**), along with assistance from former management and Debtors' other professionals, to prepare the Schedules and Statements.

The Debtors have made reasonable efforts to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances; however, subsequent information

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are: JER Investors Trust Inc. (2779) and JERIT Non-CDO CMBS 1 LLC (0778). The notice address for each Debtor is Ten Bank Street, Suite 1100, White Plains, New York 10606.

[2] Except where expressly stated otherwise, the term "Schedules" herein refers to both Debtors' Schedules.

[3] Except where expressly stated otherwise, the term "Statements" herein refers to both Debtors' Statements.

or discovery may result in material changes to the Schedules and Statements and errors or omissions may exist. The Schedules and Statements are unaudited and subject to potential adjustment.

The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including the right to dispute or otherwise assert offsets or defenses to any claim reflected on the Schedules and Statements as to amount, liability, classification, identity of Debtor, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated." Furthermore, nothing contained in the Schedules, Statements, or Notes shall constitute a waiver of any of the Debtors' rights or an admission with respect to their chapter 11 cases, including any issues involving objections to claims, substantive consolidation, equitable subordination, defenses, characterization or recharacterization of contracts, assumption or rejection of contracts under the provisions of chapter 3 of the Bankruptcy Code, causes of action arising under the provisions of chapter 5 of the Bankruptcy Code, or any other relevant applicable laws to recover assets or avoid transfers.

A. **Global Notes and Overview of Methodology**

**The Schedules, Statements, and Notes should not be relied upon by any persons for information relating to current or future financial conditions, events, or performance of any of the Debtors or their affiliates.**

1. **Description of the Chapter 11 Cases**. On December 29, 2023 (the "**Petition Date**"), each Debtor commenced a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors have requested the joint administration of the chapter 11 cases pursuant to Bankruptcy Rule 1015(b). Notwithstanding the joint administration of the Debtors' cases for procedural purposes, each Debtor has filed its own Schedules and Statement.

2. **Basis of Presentation**. In the ordinary course of business, the Debtors prepare consolidated financial statements for financial reporting purposes on a periodic basis. The Schedules and Statements are unaudited and are the result of the Debtors' reasonable efforts to report certain financial information of each Debtor on an unconsolidated basis. The Schedules and Statements do not purport to be financial statements prepared in accordance with United States Generally Accepted Accounting Principles ("**GAAP**") or the financial presentation standards applicable under U.S. securities laws and regulations, nor are they intended to be fully reconciled with the financial statements of each Debtor. The Debtors used reasonable efforts to attribute the assets and liabilities, certain required financial information, and various cash disbursements to each Debtor entity. Because the Debtors' accounting systems, books and records (i.e., the "**General Ledger**"), policies, and practices were developed for consolidated reporting purposes rather than for reporting by legal entity, it is possible that assets and liabilities may not have been recorded with the correct legal entity on the Schedules and Statements.

3. **Reporting Date**. Unless otherwise specifically noted, the Schedules and Statements reflect the Debtors' books and records as of the close of business on December 29, 2023, or the latest available record date before then.

4. **Current Values**. The assets and liabilities of each Debtor are listed on the basis of

the book value of the asset or liability in the respective Debtor's accounting books and records. Unless otherwise noted, the carrying value on the Debtor's books, rather than the current market value, is reflected in the Schedules and Statements.

5. **Consolidated Entity Accounts Payable and Disbursement Systems**. As described in the *Debtors' Motion for Entry of an Order (I) Authorizing, But Not Directing, the Debtors to (A) Continue Using Their Existing Cash Management System, Including Maintaining Existing Bank Accounts, Checks and Business Forms, (B) Honor Certain Prepetition Obligations Related Thereto, and (C) Continue to Perform Intercompany Transactions; (II) Granting Administrative Expense Status to Intercompany Claims; and (III) Granting Related Relief* [D.I. 5] (the "**Cash Management Motion**"), the Debtors utilize a centralized cash management system in the ordinary course of business to collect, concentrate, and disburse funds generated by their operations. In the ordinary course of business, JNCDO collects revenues, holds most of the cash, pays bank fees, and makes certain intercompany transfers to JERIT, which in turn makes general expense disbursements. Payment and revenue information provided in the Schedules and Statements has been extrapolated to the best of the Debtors' ability using the principles described in the Cash Management Motion.

6. **Reliance**. Persons and entities trading in or otherwise purchasing, selling, or transferring the claims against or equity interests in the Debtors should evaluate the Schedules and Statements in light of the purposes for which they were prepared, and the disclosures and reservations regarding accounting principles and presentation rules.

7. **Liabilities**. The Debtors have sought to allocate liabilities between the Debtors based on the information and research conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between the Debtors may change. Accordingly, the Debtors reserve all rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary or appropriate.

8. **Insiders.** For purposes of the Schedules and Statements, the Debtors use the definition of "insiders" set forth in Section 101(31) of the Bankruptcy Code, *viz*: (a) directors; (b) officers; (c) persons in control of the Debtors; (d) relatives of the Debtors' directors, officers, or persons in control of the Debtors; and (e) Debtor/non-Debtor affiliates of the foregoing. Persons listed as "insiders" have been included for informational purposes only and by including them in the Schedules and Statements, shall not constitute an admission that those persons are insiders for purposes of section 101(31) of the Bankruptcy Code. Moreover, the Debtors do not take any position with respect to: (a) any insider's influence over the control of the Debtors; (b) the management responsibilities or functions of any such insider; (c) the decision making or corporate authority of any such insider; or (d) whether the Debtors or any such insider could successfully argue that he or she is not an "insider" under applicable law or with respect to any theories of liability or for any other purpose. The listing of a party as an "insider" is not intended to be nor should be construed as a legal characterization of such party as an insider and does not act as an admission of any fact, Claim, right, or defense, and all such rights, Claims, and defenses are hereby expressly reserved.

9. **Totals**. All totals identified in the Schedules and Statements represent totals of all

the known amounts included in the Schedules and Statements and exclude items identified as "unknown" or "undetermined." If there are unknown or undetermined amounts, the actual totals may be materially different from the listed totals.

10. **Currency**. All amounts shown in the Schedules and Statements are in U.S. Dollars unless otherwise indicated.

11. **Other Paid Claims**. If the Debtors have reached any post-petition settlement with a vendor or other creditor, the terms of such settlement will prevail, supersede amounts listed in the Schedules and Statements, and shall be enforceable by all parties.

12. **Debtors' Reservation of Rights**. Nothing contained in the Schedules, Statements, or these Global Notes shall constitute a waiver of rights with respect to these chapter 11 cases, including the following:

   a. Any failure to designate a claim listed on the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," or "unliquidated." The Debtors reserve the right to dispute and to assert setoff rights, counterclaims, and defenses to any claim reflected on the Schedules as to amount, liability, and classification, and to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated."

   b. Notwithstanding that the Debtors have made reasonable efforts to correctly characterize, classify, categorize, or designate certain claims, assets, executory contract, and other items reported in the Schedules and Statements, the Debtors nonetheless may have improperly characterized, classified, categorized, or designated certain items. The Debtors thus reserve all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as is necessary and appropriate.

   c. The listing of a claim or agreement (i) on Schedule D as "secured," (ii) on Schedule E/F (Part 1) as "priority," (iii) on Schedule E/F (Part 2) as "unsecured," or (iv) on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtors of the legal rights of the claimant, the executory nature of the agreement under section 365 of the Bankruptcy Code, or a waiver of the Debtors' rights to recharacterize or reclassify such claim or agreement pursuant to a schedule amendment, claim objection or otherwise.

   d. The claims, if any, of individual creditors for, among other things, goods, products, services or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances or other adjustments due from such creditors to the Debtors. The Debtors reserve all of their rights with regard to such credits, allowances and other adjustments, including the right to assert claims objections or setoffs with respect to the same.

   e. The Debtors' businesses were part of a complex enterprise. Although the

       Debtors have exercised their reasonable efforts to ensure the accuracy of their Schedules and Statements, they nevertheless may contain errors and omissions. The Debtors hereby reserve all of their rights to dispute the validity, status, and enforceability of any contracts, agreements, and leases identified in the Schedules and Statements, and to amend and supplement the Schedules and Statements as necessary.

    f.    The Debtors further reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on the Schedules and Statements, including the right to dispute and challenge the characterization or the structure of any transaction, document, and instrument related to a creditor's claim.

13.    **Global Notes Control**. If the Schedules or Statements differ from any of the foregoing Global Notes, the Global Notes shall control.

## B. Specific Notes for Schedules

**The Schedules, Statements, and Notes should not be relied upon by any persons for information relating to current or future financial conditions, events, or performance of any of the Debtors or their affiliates.**

1.    **Schedule A/B**.

    a.    **A/B.3**: The values provided in Schedule A/B, Item 3 reflects the ending cash balance of each account as of the Petition Date. Since JERIT is the 100% equity membership holder in JNCDO, JNCDO's bank balances are incorporated in the calculation of the value of that equity ownership position.

    b.    **A/B.4 – A/B.58**: The Debtors do not have any cash equivalents, deposits and prepayments other than professional retainers, which are discussed separately.

    c.    **A/B.70-72**: JERIT has net operating losses in the total nominal amount of $1,018,872,192. The Debtors take no position on whether any or all of this amount can be used or otherwise monetized, the allowances that would be taken against the NOL position under US GAAP, or any other matter concerning NOL valuation.

    d.    **A/B. 74 – A/B77**: The Debtors are not currently aware of any causes of action against third parties, other contingent and unliquidated claims, trusts, or future interests in property.

2.    **Schedule E/F**.

    a.    **Part 1**.

The Debtors have listed on Schedules E/F (i) unsecured note obligations owed but unpaid on the Petition Date,(ii) termination fees provided by a management agreement with C-III JERIT

Manager LLC (the "Former Manager"), (iii) trade debt owed but unpaid on the Petition Date, and (iv) certain bank fees owed to the Debtors' bank. Certain such claims, however, may be subject to ongoing audits.

In connection with a settlement agreement between JERIT and the Former Manager dated December 23, 2023 (the "Settlement Agreement"), the Former Manager has agreed to subordinate $5,000,000 of its $15,000,000 management agreement termination fee claim to the recoveries of all unsecured creditors under a chapter 11 plan so long as no party files a motion or adversary proceeding challenging the rights of the Former Manager under the Settlement Agreement. The claim has been listed as two separate claims in Schedule E/F to distinguish the subordinated portion. In addition, in connection with the Settlement Agreement, the Former Manager has agreed to waive certain additional claims that could be asserted under the management agreement. The Debtors have not scheduled those additional potential claims.

    **b.**    **Part 2**.

The Debtors have exercised commercially reasonable efforts to list all liabilities on Schedule E/F of each applicable Debtor. As a result of the Debtors' consolidated bookkeeping, however, the reader should review Schedule E/F for all Debtors in these cases for a complete understanding of the unsecured debts of the Debtors. In the event that a creditor listed on Schedule E/F of either Debtor asserts a lien against, or security interest in, any assets of a Debtor, the Debtors reserve their rights to dispute and challenge the validity, perfection, and immunity from avoidance of any such lien.

    3.    **Schedule G**. The Debtors may have entered into management agreements and transition services agreements in the ordinary course of their business and in preparation for these cases. In addition, as described herein, certain nondisclosure agreements or other confidential information have been omitted. The Agreements listed on each Schedule G, if any, may have expired or have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letter and other documents, instruments and agreements that may not be listed on Schedule G. The Debtors may also be party to certain indenture agreements, which the Debtors believe do not constitute executory contracts and are not listed on Schedule G.

    4.    **Schedule H**. The Debtors have not identified certain guarantees that are embedded in the Debtors' executory contract(s), if any.

**C.**  **Specific Notes for Statements**

**Part 1**

**Question 1**. Operating income reflects income for the Debtors' financial years ending 2021, 2022, and the 2023 period through the Petition Date. Income to JNCDO consisted between 2020 and 2022 primarily of recoveries on certain ASER bonds, as more particularly discussed in the Combined Plan and Disclosure Statement being filed contemporaneously with these Schedules and Statements. No further recovery on JNCDO's interests in ASER bonds has been received since August 2022 and no future recovery is expected.

**Question 2**. Income from other than operations (i.e., non-business revenue) is limited to interest received by JNCDO on cash balances on deposit with its banking institutions.

### Part 2

**Question 3**. Debtors have used reasonable efforts to disclose all payments and disbursements made by the Debtors during the 90 days prior to the Petition Date, excluding any disbursements or transfers made to "insiders" (which appear in the response to Question 4) or bankruptcy professionals, which appear in response to Question 11). Payments are allocated between Debtors based upon the procedures described in the Cash Management Motion and a detailed review of the general ledger.

**Question 4**. Debtors have used reasonable efforts to identify all transfers made to insiders. In the ordinary course of business, JNCDO transfers cash to JERIT to enable JERIT to pay all expenses, and JERIT in turn pays those expenses. As a result of the Debtors' cash management (described in the Cash Management Motion) and the Debtors' consolidated bookkeeping, identifying each and every intercompany transfer would be unduly burdensome and cost prohibitive. Accordingly, the Debtors have not listed intercompany transfers in Question 4.

### Part 3

**Question 11**. In addition to the restructuring payments disclosed in response to Question 11, the Debtors' motions to retain certain bankruptcy counsel and other professionals will further describe any prepetition payments.

### Part 7

**Question 14**. Debtors have used all reasonable efforts to identify the mailing addresses used within 3 years of the Petition Date.

### Part 13

**Question 25**. Debtors have used all reasonable efforts to identify all businesses in which the applicable and relevant Debtors have held an ownership or a partnership interest in over the last six (6) years.

**Question 30**. See response to Question 4.

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | JER Investors Trust Inc. |
| United States Bankruptcy Court for the: | DISTRICT OF DELAWARE |
| Case number (if known) | 23-12109 |

☐ Check if this is an amended filing

# Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals    12/15

### Part 1: Summary of Assets

1. *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

   1a. **Real property:**
   Copy line 88 from *Schedule A/B*.................................................................................................. $ 0.00

   1b. **Total personal property:**
   Copy line 91A from *Schedule A/B*................................................................................................. $ 21,695,695.90

   1c. **Total of all property:**
   Copy line 92 from *Schedule A/B*................................................................................................... $ 21,695,695.90

### Part 2: Summary of Liabilities

2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim*, from line 3 of *Schedule D*.................................... $ 0.00

3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

   3a. **Total claim amounts of priority unsecured claims:**
   Copy the total claims from Part 1 from line 5a of *Schedule E/F*........................................................ $ 0.00

   3b. **Total amount of claims of nonpriority amount of unsecured claims:**
   Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*............................. +$ 113,668,200.00

4. **Total liabilities** ....................................................................................................................... $ 113,668,200.00
   Lines 2 + 3a + 3b

**Fill in this information to identify the case:**

Debtor name: **JER Investors Trust Inc.**

United States Bankruptcy Court for the: **DISTRICT OF DELAWARE**

Case number (if known): **23-12109**

☐ Check if this is an amended filing

# Official Form 206A/B
## Schedule A/B: Assets - Real and Personal Property  12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

### Part 1:   Cash and cash equivalents

1. **Does the debtor have any cash or cash equivalents?**

   ☐ No. Go to Part 2.
   ☒ Yes Fill in the information below.

   All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|---|
| 3.1. | Wells Fargo Bank N.A. | Checking | 1728 | $12,773.23 |
| 3.2. | Wells Fargo Bank N.A. | Checking | 8558 | $0.00 |

4. **Other cash equivalents** *(Identify all)*

5. **Total of Part 1.**  $12,773.23
   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

### Part 2:   Deposits and Prepayments

6. **Does the debtor have any deposits or prepayments?**

   ☒ No. Go to Part 3.
   ☐ Yes Fill in the information below.

### Part 3:   Accounts receivable

10. **Does the debtor have any accounts receivable?**

    ☐ No. Go to Part 4.
    ☒ Yes Fill in the information below.

11. **Accounts receivable**

Debtor  **JER Investors Trust Inc.**                                              Case number *(If known)* **23-12109**
          Name

|  | 11b. Over 90 days old: | **340,727.81** | - | **340,727.81** | =.... | **$0.00** |
|---|---|---|---|---|---|---|
|  |  | face amount |  | doubtful or uncollectible accounts |  |  |

| 12. | **Total of Part 3.** | **$0.00** |
|---|---|---|
|  | Current value on lines 11a + 11b = line 12.  Copy the total to line 82. |  |

**Part 4:**   **Investments**

13. **Does the debtor own any investments?**

☐ No.  Go to Part 5.
■ Yes Fill in the information below.

|  |  | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

14. **Mutual funds or publicly traded stocks not included in Part 1**
    Name of fund or stock:

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**
    Name of entity:                                                % of ownership

| 15.1. | **JERIT Non-CDO CMBS 1 LLC** | **100%** | % | **Liquidation** | **$21,682,922.67** |
|---|---|---|---|---|---|

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**
    Describe:

| 17. | **Total of Part 4.** | **$21,682,922.67** |
|---|---|---|
|  | Add lines 14 through 16.  Copy the total to line 83. |  |

**Part 5:**   **Inventory, excluding agriculture assets**

18. **Does the debtor own any inventory (excluding agriculture assets)?**

■ No.  Go to Part 6.
☐ Yes Fill in the information below.

**Part 6:**   **Farming and fishing-related assets (other than titled motor vehicles and land)**

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

■ No.  Go to Part 7.
☐ Yes Fill in the information below.

**Part 7:**   **Office furniture, fixtures, and equipment; and collectibles**

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

■ No.  Go to Part 8.
☐ Yes Fill in the information below.

**Part 8:**   **Machinery, equipment, and vehicles**

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

■ No.  Go to Part 9.
☐ Yes Fill in the information below.

Official Form 206A/B                    Schedule A/B Assets - Real and Personal Property                    page 2

Debtor **JER Investors Trust Inc.**     Case number *(If known)* **23-12109**
          Name

## Part 9: Real property

**54. Does the debtor own or lease any real property?**

- ■ No.  Go to Part 10.
- ☐ Yes Fill in the information below.

## Part 10: Intangibles and intellectual property

**59. Does the debtor have any interests in intangibles or intellectual property?**

- ☐ No.  Go to Part 11.
- ■ Yes Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, and trade secrets** | | | |
| 61. **Internet domain names and websites** http://www.jerinvestorstrust.com/ | $0.00 | | $0.00 |
| 62. **Licenses, franchises, and royalties** | | | |
| 63. **Customer lists, mailing lists, or other compilations** | | | |
| 64. **Other intangibles, or intellectual property** | | | |
| 65. **Goodwill** | | | |

**66. Total of Part 10.**                                                                                                                              **$0.00**
Add lines 60 through 65. Copy the total to line 89.

**67. Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C.§§ 101(41A) and 107**?**
- ■ No
- ☐ Yes

**68. Is there an amortization or other similar schedule available for any of the property listed in Part 10?**
- ■ No
- ☐ Yes

**69. Has any of the property listed in Part 10 been appraised by a professional within the last year?**
- ■ No
- ☐ Yes

## Part 11: All other assets

**70. Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

- ☐ No.  Go to Part 12.
- ■ Yes Fill in the information below.

| | Current value of debtor's interest |
|---|---|
| 71. **Notes receivable** Description (include name of obligor) | |
| 72. **Tax refunds and unused net operating losses (NOLs)** [1] Description (for example, federal, state, local) | |

Official Form 206A/B            Schedule A/B Assets - Real and Personal Property            page 3

---

1. The purported value of unused NOLs total $1,018,872,192, which is comprised of $65,903,324 in 2011 NOLs, $623,341,062 in 2012 NOLs, $181,978,282 in 2013 NOLs, $101,853,731 in 2014 NOLs, $34,426,028 in 2016 NOLs, $7,857,967 in 2017 NOLs, $2,615,235 in 2018 NOLs, and $896,563 in 2019 NOLs. JER Investors Trust Inc. takes no position on whether these NOLs are monetizable.

Debtor  **JER Investors Trust Inc.**                                    Case number *(If known)* **23-12109**
        Name

| | | |
|---|---|---|
| **NOLs** | Tax year **2011** | $0.00 |
| **NOLs** | Tax year **2012** | $0.00 |
| **NOLs** | Tax year **2013** | $0.00 |
| **NOLs** | Tax year **2014** | $0.00 |
| **NOLs** | Tax year **2016** | $0.00 |
| **NOLs** | Tax year **2017** | $0.00 |
| **NOLs** | Tax year **2018** | $0.00 |
| **NOLs** | Tax year **2019** | $0.00 |

73. **Interests in insurance policies or annuities**
    **D&O Insurance Coverage w/ Sompo d/b/a Endurance Assurance Corporation**                                               $0.00

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

76. **Trusts, equitable or future interests in property**

77. **Other property of any kind not already listed** *Examples:* Season tickets, country club membership

78. **Total of Part 11.**                                                                                                   $0.00
    Add lines 71 through 77. Copy the total to line 90.

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**
    ■ No
    ☐ Yes

Debtor   **JER Investors Trust Inc.**   Case number *(If known)* **23-12109**
         Name

## Part 12:  Summary

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $12,773.23 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $21,682,922.67 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9*...........................> | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $21,695,695.90 | + 91b.   $0.00 |
| 92. **Total of all property on Schedule A/B**. Add lines 91a+91b=92 | | $21,695,695.90 |

**Fill in this information to identify the case:**

Debtor name: **JER Investors Trust Inc.**

United States Bankruptcy Court for the: **DISTRICT OF DELAWARE**

Case number (if known): **23-12109**

☐ Check if this is an amended filing

Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property                   12/15

**Be as complete and accurate as possible.**

**1. Do any creditors have claims secured by debtor's property?**

■ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☐ Yes. Fill in all of the information below.

**Fill in this information to identify the case:**

Debtor name: **JER Investors Trust Inc.**

United States Bankruptcy Court for the: **DISTRICT OF DELAWARE**

Case number (if known): **23-12109**

☐ Check if this is an amended filing

# Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims  12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1: List All Creditors with PRIORITY Unsecured Claims

1. Do any creditors have priority unsecured claims? (See 11 U.S.C. § 507).

   ■ No. Go to Part 2.
   ☐ Yes. Go to line 2.

### Part 2: List All Creditors with NONPRIORITY Unsecured Claims

3. List in alphabetical order all of the creditors with nonpriority unsecured claims. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| | | **Amount of claim** |
|---|---|---|
| **3.1** | **Nonpriority creditor's name and mailing address**<br>C-III Capital Partners<br>6031 Connection Drive<br>Irving, TX 75039<br><br>Date(s) debt was incurred __<br>Last 4 digits of account number __ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>Basis for the claim: **Trade Debt**<br>Is the claim subject to offset?  ■ No  ☐ Yes | **$4,789,996.00** |
| **3.2** | **Nonpriority creditor's name and mailing address**<br>C-III JERIT Manager LLC<br>6031 Connection Drive<br>Irving, TX 75039<br><br>Date(s) debt was incurred __<br>Last 4 digits of account number __ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>Basis for the claim: **Termination Fee**<br>Is the claim subject to offset?  ■ No  ☐ Yes | **$10,000,000.00** |
| **3.3** | **Nonpriority creditor's name and mailing address**<br>C-III JERIT Manager LLC<br>6031 Connection Drive<br>Irving, TX 75039<br><br>Date(s) debt was incurred __<br>Last 4 digits of account number __ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>Basis for the claim: **Termination Fee (Contingently Subordinated)**<br>Is the claim subject to offset?  ■ No  ☐ Yes | **$5,000,000.00** |
| **3.4** | **Nonpriority creditor's name and mailing address**<br>The Bank of New York Mellon Trust<br>240 Greenwich St<br>New York, NY 10286<br><br>Date(s) debt was incurred __<br>Last 4 digits of account number __ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>Basis for the claim: **Unsecured Note Payable**<br>Is the claim subject to offset?  ■ No  ☐ Yes | **$93,878,204.00** |

### Part 3: List Others to Be Notified About Unsecured Claims

4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

| Debtor | JER Investors Trust Inc. | Case number (if known) | 23-12109 |
|---|---|---|---|
| | Name | | |

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| | Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|---|
| 4.1 | **Morgan, Lewis & Bockius LLP**<br>**Attn: Kevin J. Biron**<br>**101 Park Avenue**<br>**New York, NY 10178** | Line  **3.4**<br><br>☐  Not listed. Explain ____ | __ |

## Part 4: Total Amounts of the Priority and Nonpriority Unsecured Claims

**5.** Add the amounts of priority and nonpriority unsecured claims.

|  |  | Total of claim amounts |
|---|---|---:|
| **5a. Total claims from Part 1** | 5a.  $ | 0.00 |
| **5b. Total claims from Part 2** | 5b. + $ | 113,668,200.00 |
| **5c. Total of Parts 1 and 2**<br>     Lines 5a + 5b = 5c. | 5c.  $ | 113,668,200.00 |

**Fill in this information to identify the case:**

Debtor name: **JER Investors Trust Inc.**

United States Bankruptcy Court for the: DISTRICT OF DELAWARE

Case number (if known): **23-12109**

☐ Check if this is an amended filing

# Official Form 206G
## Schedule G: Executory Contracts and Unexpired Leases         12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1. **Does the debtor have any executory contracts or unexpired leases?**
   ☐ No. Check this box and file this form with the debtor's other schedules. There is nothing else to report on this form.
   ☒ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| 2.1. State what the contract or lease is for and the nature of the debtor's interest: **Administrative Services Agreement** | |
| State the term remaining: | **C-III JERIT Manager LLC**<br>**6031 Connection Drive**<br>**Irving, TX 75039** |
| List the contract number of any government contract: | |

**Fill in this information to identify the case:**

Debtor name: **JER Investors Trust Inc.**

United States Bankruptcy Court for the: DISTRICT OF DELAWARE

Case number (if known): 23-12109

☐ Check if this is an amended filing

Official Form 206H
# Schedule H: Your Codebtors    12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Do you have any codebtors?**

☒ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.
☐ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

*Column 1:* **Codebtor**                *Column 2:* **Creditor**

| | Name | Mailing Address | | Name | Check all schedules that apply: |
|---|---|---|---|---|---|
| 2.1 | | Street | | | ☐ D<br>☐ E/F<br>☐ G |
| | | City  State  Zip Code | | | |
| 2.2 | | Street | | | ☐ D<br>☐ E/F<br>☐ G |
| | | City  State  Zip Code | | | |
| 2.3 | | Street | | | ☐ D<br>☐ E/F<br>☐ G |
| | | City  State  Zip Code | | | |
| 2.4 | | Street | | | ☐ D<br>☐ E/F<br>☐ G |
| | | City  State  Zip Code | | | |

| Fill in this information to identify the case: | |
|---|---|
| Debtor name  **JER Investors Trust Inc.** | |
| United States Bankruptcy Court for the:  **DISTRICT OF DELAWARE** | |
| Case number (if known)  **23-12109** | ☐ Check if this is an amended filing |

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ■ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)
- ■ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
- ■ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
- ■ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
- ■ Schedule H: Codebtors (Official Form 206H)
- ■ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
- ☐ Amended Schedule
- ☐ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
- ☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **January 9, 2024**     X _____
Signature of individual signing on behalf of debtor

**Matthew J. Dundon**
Printed name

**Chief Restructuring Officer**
Position or relationship to debtor